**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

FLOYD RAY WILLIAMS,              )
                                 )
                Petitioner,      )
                                 )
vs.                              )        **Case No. 10-CV-380-GKF-FHM**
                                 )
ANITA TRAMMELL, Warden,          )
                                 )
                Respondent.      )

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. See Dkt. # 1. Petitioner is a state

inmate and appears *pro se*.  Respondent filed a response to the petition (Dkt. # 5), and provided

copies of state court documents (Dkt. ## 5, 6, 7) for the Court's use in evaluating Petitioner's claims.

Petitioner did not file a reply. For the reasons discussed below, the petition shall be denied.

*BACKGROUND*

On April 7, 2008, Petitioner entered blind pleas of no contest (*nolo contendere*) in Tulsa

County District Court, Case No. CF-2006-5283.   On May 28, 2008, based on the pleas, the trial

judge found Petitioner guilty of Manslaughter in the First Degree (Count I), Leaving the Scene of

an Accident-Death (Count II), and Eluding an Officer (felony) (Count III), all After Former

Conviction of Two or More Felonies.  Petitioner was also found guilty of Driving Under Suspension,

a misdemeanor (Count IV). The trial judge sentenced him to thirty (30) years imprisonment and a

$500 fine on Count I, ten (10) years imprisonment and a $500 fine on Count II, ten (10) years

imprisonment and a $500 fine on Count III, and one (1) year in the Tulsa County Jail plus a $250

fine on Count IV. The judge ordered the sentences to be served consecutively. During the plea and

sentencing proceedings, Petitioner was represented by attorney Sharon Holmes.

Continuing to be represented by attorney Holmes, Petitioner filed a motion to withdraw guilty plea on June 4, 2008. See Dkt. # 7-4, O.R. Vol. I at 156-57. On June 12, 2008, Petitioner, acting *pro se*, filed an amended motion to withdraw plea of guilty, alleging ineffective assistance of counsel. Id. at 190-91. On June 16, 2008, the trial judge held a hearing on Petitioner's motion to withdraw plea. See Dkt. # 7-2, Hr'g Trans. 6/16/2008. Petitioner was represented by Sharon Holmes at the June 16 hearing. Id. The district court denied the motion. Id. at 9. On July 2-3, 2008, a second hearing was held on Petitioner's amended motion to withdraw plea to address specifically his ineffective assistance of counsel claims. See Dkt. # 7-1, Hr'g Trans. 7/3/2008. Petitioner was represented at the July 2-3 hearing by attorney Brian Martin. After hearing testimony from Petitioner and attorney Holmes, the trial judge again denied Petitioner's motion to withdraw plea. See id. at 67.

Represented by attorney Andreas Pitsiri, Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 5, Ex. 1. He raised the following seven (7) propositions of error:

| | |
|---|---|
| Proposition I: | Mr. Williams' sentence of one (1) year imprisonment in Count 4 constitutes fundamental error and should be vacated by this court. |
| Proposition II: | Mr. Williams' pleas were not made knowingly and voluntarily because Petitioner was not advised of the correct range of punishment with respect to several counts. This constitutes fundamental error. |
| Proposition III: | The trial court abused its discretion by denying Mr. Williams' motion to withdraw his pleas because Petitioner did not knowingly and voluntarily enter his pleas. |
| Proposition IV: | Under the facts and circumstances of Appellant's case, Mr. Williams' consecutive sentences that total 51 years imprisonment are excessive, should shock the conscience of this court and should be favorably modified. |

2

Proposition V:         Mr. Williams was prejudiced by ineffective assistance of counsel.

Proposition VI:       The cumulative effect of all these errors warrants relief for Mr. Williams.

Proposition VII:      This court should remand Mr. Williams' case to the district court of Tulsa County with instructions to correct the judgments and sentences by an order *nunc pro tunc*.

(Dkt. # 5, Ex. 1). In an unpublished summary opinion, filed April 17, 2009, in Case No. C-2008-682, the OCCA denied the writ in part and granted it in part. Id., Ex. 2. The OCCA found that Williams' sentence of imprisonment for Count IV (Driving Under Suspension) was error because he had been informed by counsel that Count IV carried no sentence of imprisonment. Id. at 3-4. The OCCA remanded the conviction on Count IV to the district court for dismissal. Id. at 5. The OCCA also ordered the district court to correct the Judgment and Sentence with an Order *nunc pro tunc* reflecting that Petitioner entered pleas of *nolo contendere*, and that his conviction in Count II be changed to reflect the correct Oklahoma statute. Id.

Petitioner filed the instant habeas corpus petition on June 14, 2010, identifying the following five (5) grounds of error:

Ground I:      Mr. Williams' pleas were not made knowingly and voluntarily because Petitioner was not advised of the correct range of punishment with respect to several counts. This constitutes fundamental error.

Ground II:     The trial court abused its discretion by denying Mr. Williams' motion to withdraw his pleas because Petitioner did not knowingly and voluntarily enter his pleas.

Ground III:    Under the facts and circumstances of Appellant's case, Mr. Williams' consecutive sentences that total 51 years imprisonment are excessive, should shock the conscience of this court and should be favorably modified.

Ground IV:    Mr. Williams was prejudiced by ineffective assistance of counsel.

Ground V:     The cumulative effect of all these errors warrants relief for Mr. Williams.

(Dkt. # 1). In response to the petition, Respondent contends that grounds 2 and 3 concern matters of state law and are not cognizable in this habeas corpus proceeding (Dkt. # 5). Respondent argues that the remaining grounds were properly decided by the OCCA and that, as a result, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). Id.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).   See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA in his certiorari appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court has adjudicated a claim on the merits, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  In this case, the OCCA

4

adjudicated Petitioner's claims on certiorari appeal.  Therefore, Petitioner's claims shall be reviewed pursuant to § 2254(d).

### 1.  Voluntariness of *nolo contendere* pleas (grounds 1 and 2)

As his first proposition of error, Petitioner complains that he should have been allowed to withdraw his guilty pleas because he was misinformed by counsel as to the range of punishment for several of the counts against him. See Dkt. # 1 at 5.  He alleges in ground two that the trial court's denial of his motion to withdraw plea was an abuse of discretion. Id. at 7. The OCCA denied the claim relating to the voluntariness of his plea in its summary opinion denying a writ of certiorari, stating that "[w]e find in Proposition III that Williams's pleas were knowing and voluntary and the trial court did not abuse its discretion in denying his Motion to Withdraw." See Dkt. # 5, Ex. 2 at 4. In a footnote, the OCCA further explained its reasoning, as follows:

> The record does not support Williams's claim that trial counsel erroneously told him he would get either a split sentence or judicial review. Williams was aware of the twenty-year minimum sentence and life maximum sentence for Count I. He made no mention at the plea hearing or sentencing of probation, a split sentence, judicial review, or any uncertainty he has since raised. At the plea hearing he state[d] he understood that he could be sentenced to life imprisonment, that the State would argue he should receive that sentence, and that this did not affect his decision to enter a blind plea. Williams's plea was knowing and voluntary. *King v. State*, 1976 OK CR 103, 553 P.2d 529, 535.

Id. at n.7.

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily."  A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed.  Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds*, Coleman

v. Thompson, 501 U.S. 722 (1991).  Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary.  Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973).  Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding."  United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Boykin). As discussed above, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the Court finds that Petitioner's allegations in proposition one and two are belied by the record. Respondent provided copies of the "Plea of Guilty - Summary of Facts" filed in the district court in Petitioner's case. See Dkt. # 7-4, O.R. Vol. I at 158-64.  On the first page of the form, Petitioner affirmed that he could read and understand the form. Id. at ¶ 5. He identified Sharon K. Holmes as his lawyer. Id. at ¶ 2. Petitioner also affirmed that he understood the nature and consequences of the proceeding, had talked over the charges with his lawyer, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at ¶¶ 12, 16, 20. Further, he answered "Yes" to the question, "Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advice?" Id. at ¶ 21.

In addition to the forms, Petitioner confirmed at his plea hearing on April 7, 2008, that the statements on his plea forms were true and correct. See Dkt. # 5, Ex. 3, Plea Hr'g Trans. dated April 7, 2008, at 3-6. The trial court conducted a thorough inquiry of Petitioner concerning his desire to plead no contest, and whether the terms of his blind plea had been thoroughly explained and were understood by Petitioner. Id. The trial judge also specifically enumerated trial rights that Petitioner was waiving by pleading no contest. Id.  The court accepted his pleas of *nolo contendere*. Id. at 7. Even after Petitioner entered his pleas of no contest, the trial court asked him to reaffirm his decision as evidenced by the following colloquy:

> PROSECUTOR:     Judge, I would like to make it clear in my negotiations with Mr. Williams and his counsel I'm going to be seeking every possible year that I can exact upon him with his prior criminal history. My recommendation to this Court is that he be incarcerated for the rest of his life. So I'm going to be pursuing a life sentence in the Department of Corrections custody just so he understands it.
>
> COURT:     Mr. Williams, is that your understanding of what the State wants?
>
> PETITIONER:     Yes, Your Honor.
>
> COURT:     Is that your understanding, Ms. Holmes?
>
> HOLMES:     It is now, Your Honor.
>
> COURT:     Does that change your mind about entering this plea today?
>
> PETITIONER:     Not really.

Id. at 7-8. The record demonstrates an "affirmative showing" that Petitioner's *nolo contendere* pleas were knowing and voluntary, as required by Boykin. The record clearly supports the OCCA's conclusion that Petitioner's pleas were entered knowingly and voluntarily.

7

Petitioner has pointed to no evidence in support of his assertions that he did not understand the proceedings at the plea and sentencing hearing. Upon careful review of the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' factual findings underlying the conclusion that his plea of no contest was voluntarily and knowingly entered.  Accordingly, the Court concludes that Petitioner is not entitled to habeas relief based on the OCCA's adjudication of the claims described in grounds 1 and 2.  28 U.S.C. § 2254(d),(e).

**2.  Excessive sentence (ground 3)**

In his third ground for relief, Petitioner claims that his consecutive sentences are excessive and "shock the conscience of the court." See Dkt. # 1 at 9. The OCCA rejected this claim, finding that the trial court appropriately exercised its discretion in ordering the sentences to be served consecutively. See Dkt. # 5, Ex. 2 at 4. Noting that the trial court ordered consecutive sentences to reflect separate crimes, the OCCA justified its decision as follows:

> As Williams admitted, he first chose to drink all morning, then began to drive although he had no license and was drunk, then ran a red light and hit the victim, then left the scene, and finally led officers on a high-speed chase rather than stop.

(Id. at n.7).

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentences is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review.  The Court agrees.  A federal habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Habeas corpus review generally ends "once we determine the sentence is within the limitation set

by statute." Id. Under Oklahoma law, the maximum sentence faced by Petitioner on each of his

felony convictions for First Degree Manslaughter, Leaving the Scene of an Accident-Death, and

Eluding an Officer, all After Former Conviction of Two or More Felonies, was life imprisonment.

See Okla. Stat. tit. 21, § 51.1(C) (2001). Petitioner's sentences for each of these crimes was well

within the statutory range allowed by Oklahoma law.  Therefore, he is not entitled to habeas corpus

relief on this claim.

### 3.  Ineffective assistance of counsel (ground 4)

In his fourth ground for relief, Petitioner claims his attorney was ineffective at the July 2-3,

2008, hearing on the motion to withdraw his *nolo contendere* pleas because counsel did not raise

a ground alleging that the trial court failed to advise Petitioner of the correct range of punishment

with respect to several counts. See Dkt. # 1 at 10. Finding no prejudice to Petitioner under Strickland

v. Washington, 466 U.S. 668, 697 (1984), the OCCA denied relief, noting as follows:

> We will not find counsel ineffective if a defendant shows no prejudice from
> counsel's acts or omissions. Neither plea counsel nor hearing counsel raised the fact
> that Williams was incorrectly informed on the range of punishment below in support
> of his Motion to Withdraw. Looking at the entire proceedings, Williams knew he was
> facing a minimum sentence of twenty years on Count I, and was correctly told he
> could not get less than twenty years if he entered a blind plea. He could under no
> circumstances have received the minimum sentences of three years on Counts II and
> III. He cannot show prejudice from counsel's omission. Williams's sentence of
> imprisonment on Count IV is remanded with instructions to dismiss, and that cures
> any error on counsel's part.

(Dkt. # 5, Ex. 2 at 4, n.9).

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court set out the applicable standard

for reviewing ineffective assistance of counsel claims in the context of guilty pleas. In accord with

Strickland, 466 U.S. at 687, a defendant challenging the effective assistance of counsel during the

guilty plea process must show that counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Lockhart,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59.

The OCCA determined that there was no prejudice to Petitioner due to errors in advising Petitioner about the minimum possible sentence for each of his counts. In this habeas action, Petitioner has failed to demonstrate that he suffered prejudice. Furthermore, even if Petitioner had shown that counsel performed deficiently in advising Petitioner concerning the minimum sentences he faced, Petitioner does not allege in this habeas action that but for counsel's errors, he would not have entered blind pleas and would have insisted on going to trial. Lockhart, 474 U.S. at 58-59. Accordingly, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of counsel. Having found no prejudice as required by Strickland, this Court concludes that the OCCA did not unreasonably apply federal law as determined by the Supreme Court, nor did it reach a "decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254 (d)(1),(2).

### 4. Cumulative error (ground 5)

As his fifth proposition of error, Petitioner argues that the combined effect of the errors and irregularities prejudiced his rights and denied him a fair trial. See Dkt. # 1 at 12. On direct appeal, the OCCA concluded that, "having vacated Williams's sentence of imprisonment of Court IV, no further relief is warranted." Dkt. # 5, Ex. 2 at 4-5.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). In this case, the Court did not find two or more actual errors. As a result, there is no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

## C.  Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by

11

the OCCA was debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2.      A separate Judgment shall be entered in this case.

3.      A certificate of appealability is **denied**.

DATED THIS 29th day of April, 20013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

12